UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Daniel Jay Campbell,**                                        Civil No. 05-7 (PAM/SRN)

      **Petitioner,**

v.                                                             REPORT AND
                                                               RECOMMENDATION

**Warden Terry Carlson,**

      **Respondent.**

---

Daniel Jay Campbell, Pro Se.

Kimberly Parker, Esq., on behalf of Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner claims that the search and seizure in his case was unconstitutional under the Fourth Amendment and that police officers deprived him of his Fifth Amendment right to counsel by continuing to interrogate him after he asked for an attorney. Respondent has filed a response to the petition, urging the dismissal with prejudice of the petition on several grounds, discussed *infra*.

**I.     PROCEDURAL BACKGROUND**

Petitioner is a state prisoner at the Minnesota Correctional Facility in Willow River, Minnesota. He was convicted in Ramsey County District Court on three counts of felony first-degree controlled substance crime for manufacturing and possessing methamphetamine. He waived his right to a jury trial and pursuant to State v. Lothenbach, 296 N.W.2d 854 (Minn.

1980), submitted his case to the court based on stipulated facts.  On November 26, 2002, the trial court found Petitioner guilty on all three counts.  On February 13, 2003, the trial court sentenced Petitioner to the Commissioner of Corrections for 90 months.

On June 11, 2003, Petitioner appealed his convictions to the Minnesota Court of Appeals, arguing that the search and seizure in the case was unconstitutional and that his constitutional right to counsel was violated when police ignored his requests for an attorney and continued to question him.  See Minnesota v. Campbell, No. A03-705, 2004 WL 1385846 (Minn. App. June 14, 2004), rev. denied, (Minn. Sept. 21, 2004).   The Court of Appeals affirmed the trial court's rulings.  Id.

Petitioner filed a petition for review with the Minnesota Supreme Court on July 14, 2004. The Minnesota Supreme Court denied his petition for review on September 21, 2004.  Petitioner filed the instant habeas corpus petition on January 4, 2005.

Respondent argues for the dismissal with prejudice of the habeas petition on two grounds:  (1) Petitioner's Fourth Amendment claim is not properly before this Court because the state has afforded Petitioner a full and fair opportunity to litigate those claims; and (2) Petitioner's Fifth Amendment right to counsel claim fails because he knowingly, intelligently and voluntarily waived his Miranda rights. (Resp. Mem. at 1-2.)

## II.     FACTUAL BACKGROUND

The facts relevant to the instant habeas petition are as follows: Following Petitioner's May 29, 2002 arrest, Officer Todd Feroni interviewed him while he was in custody.  Id. at *2. Before the tape-recorded interview, Petitioner received a Miranda warning.  (Tr. of Omnibus Hrg. at 83-84, Ex. 2 , Resp.'s Appendix to Mem.)  Petitioner indicated that he understood his rights and executed a signed waiver.  (Tr. at 87-88.)   At some point during the interview,

2

Petitioner indicated that he wanted a lawyer. (Tr. at 90.) Officer Feroni informed Petitioner that an attorney could be present if he wanted one. When Petitioner asked if he could speak with Feroni with an attorney present, Officer Feroni replied, "Probably not, no. It's up to you." Id. Petitioner then stated that he wished to have an attorney and the interview concluded. Id.

After the interview ended, Officer Feroni turned off the tape. (Tr. at 91-92.) Petitioner continued to speak with Officer Feroni, indicating that he wanted to "help out" with other methamphetamine manufacturers in the city. Officer Feroni responded that he could not speak with Petitioner in light of his request for an attorney. (Tr. at 92). Petitioner stated that he wanted to talk about other methamphetamine manufacturers. (Tr. at 92-93.) Officer Feroni asked if Petitioner wanted an attorney, at which point, Petitioner stated that he did not. (Tr. at 93.) With the tape recorder back on, Officer Feroni resumed speaking with Petitioner, who acknowledged that he wanted to "help out" with some of the other methamphetamine manufacturers. (Tr. at 93.) Petitioner stated that he did not want a lawyer. He further indicated that Officer Feroni did not threaten him or make any promises and that he was speaking of his own volition. (Tr. at 93-94.)

Before the trial court, Petitioner challenged the admissibility of his statements. The trial court denied his suppression motions, concluding that certain of Petitioner's claims were not credible, that Officer Feroni responded appropriately to Petitioner's request for counsel, that Petitioner had the opportunity to withdraw from the interview and did not, and that Petitioner's statements were voluntary statements, and they were knowing and intelligent. Campbell, 2004 WL 1385846, at *5. In particular, evaluating the credibility of Petitioner's testimony as "hog wash," the trial court concluded that Petitioner's alleged request for an attorney during a brief inaudible portion of the taped interview was "completely unbelievable." The court made a

3

factual finding that no such request was made. (Tr. at 149-150.)

## III.   DISCUSSION

When considering the district court's ruling on a habeas corpus petition, "we review the district court's findings of fact for clear error and its conclusions of law de novo." Bucklew v. Luebbers, 436 F.3d 1010, 1015 (8th Cir. 2006), citing Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005). The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a federal court's review of a state court decision as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

The Supreme Court has explained the meanings of the "contrary to" and "unreasonable application" clauses. See Williams v. Taylor, 529 U.S. 362, 411-13 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

> A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'

Lyons, 403 F.3d at 592, quoting Williams, 529 U.S. at 411.

In addition, when reviewing the state court decision, "a federal court . . . presumes that the state court's factual determinations are correct." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000); 28 U.S.C. § 2254(e)(1). This deference applies to factual determinations made by state courts, whether the court be a trial court or an appellate court. Sumner v. Mata, 449 U.S. 539, 547 (1981). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### A.    Fourth Amendment Claim

As to Petitioner's Fourth Amendment claim regarding unconstitutional search and seizure, if the state has provided a state prisoner an opportunity for full and fair litigation of his Fourth Amendment claims, federal habeas corpus relief cannot be granted. Stone v. Powell, 428 U.S. 465, 494 (1976); Poole v. Wood, 45 F.3d 246, 249 (8th Cir. 1995). A federal court may entertain a Fourth Amendment habeas petition only if "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1272-73 (8th Cir. 1994) (en banc), cert. denied, 514 U.S. 1052 (1995).

Petitioner was provided a full and fair opportunity to litigate his state Fourth Amendment claim, nor does he argue that such an opportunity was not afforded to him. He challenged a warrantless apartment search at the pretrial phase, at which time the trial court denied his

suppression motion. The Minnesota Court of Appeals reviewed the trial court's decision and the Minnesota Supreme Court denied his petition for review. Campbell, 2004 WL 1385846, at *1. Petitioner may not relitigate these rulings via a habeas petition. Petitioner's Fourth Amendment habeas claim should therefore be dismissed with prejudice.

### B.     Fifth Amendment Claim

Petitioner seeks habeas corpus relief under the Fifth Amendment, alleging that his right to counsel was violated when his requests for counsel before and during a police interview were ignored.

Under Miranda, before questioning suspects in custody, law enforcement officials must inform them that: (1) they have the right to remain silent; (2) their statements may be used against them at trial; (3) they have the right to the presence of an attorney during questioning; and (4) if they cannot afford an attorney, one will be appointed. Miranda v. Arizona, 384 U.S. 436, 478-79 (1966). Once advised of these rights, a suspect may waive them, provided the waiver is made voluntarily, knowingly and intelligently. Id. at 467-70. The Miranda right to counsel only attaches when a suspect invokes the right during custodial interrogation by making clear and unequivocal request for counsel. See Davis v. United States, 512 U.S. 452, 458-59b (1994) (holding that defendant's statement, "maybe I should talk to a lawyer," was ambiguous and did not require officers to clarify); Dormire v. Wilkinson, 249 F.3d 801, 805 (8th Cir. 2001) (finding no clear invocation of right to counsel because defendant's question, "Could I call my lawyer?" was ambiguous request for counsel), cert. denied, 534 U.S. 962 (2001). A defendant in custody who has invoked his right to counsel pursuant to Miranda may not be interrogated further, unless the defendant "initiates further communication, exchanges, or conversations with

the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). "Waivers of an invoked right to counsel 'must be voluntary and must constitute a knowing and intelligent relinquishment of a known right.'" United States v. Hull, 419 F.3d 762, 767 (8th Cir. 2006) (citation omitted).

The district court found that (1) Petitioner's claims that he invoked his right to counsel before the tape recorder was turned on and during an inaudible portion of the tape recorded interview were not credible; (2) Officer Feroni responded appropriately to Petitioner's requests for counsel; (3) Petitioner was given the opportunity to withdraw from the interview and chose not to; and (4) Petitioner's statements were voluntarily, knowingly and intelligently made. Campbell, 2004 WL 1385846, at *5. The Minnesota Court of appeals deferred to the trial court's determinations and affirmed its conclusion. Id. at *8.

Petitioner further claimed at the trial court level that he partially revoked his request for counsel, i.e., he revoked his request for counsel only as to questioning about other methamphetamine manufacturers, but not as to the crime for which he was charged. Petitioner cited no authority for his claim that a request for counsel may be partially revoked, either at the trial court level, or in the instant petition.

The government must prove by a preponderance of the evidence that the suspect waived his or her Miranda rights. Colorado v. Connelly, 479 U.S. 157, 168 (1986). To prove a valid waiver, the government must show that (1) the waiver represented an "uncoerced choice" and (2) the defendant understood both the nature of the right being waived and the consequences of waiver. See Moran v. Burbine, 475 U.S. 412, 421 (1986). There is no allegation of coercion in this case.

As to his understanding of the waiver, Petitioner's previous invocation of his right to

consult with an attorney indicates that he was aware of his rights. Most importantly, however, the trial court and the Minnesota Court of Appeals concluded that Petitioner had been fully advised of his <u>Miranda</u> rights and indicated his understanding of them. Thus, they concluded that the state met its burden of proving that the accused knowingly and intelligently waived his rights. <u>Campbell</u>, 2004 WL 1385846, at *8. This Court presumes that the state courts' factual determinations were correct and Petitioner fails to present clear and convincing evidence to the contrary. Moreover, the state court decisions are in accordance with Supreme Court precedent and the relevant Supreme Court legal principles were correctly applied to the facts. Accordingly, this Court concurs with the state court decisions and recommends the dismissal of Petitioner's Fifth Amendment habeas corpus claim.

**THEREFORE, IT IS HEREBY RECOMMENDED tha**t:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. §2254 (Doc. No. 1), be **DENIED and DISMISSED WITH PREJUDICE**.

Dated:   March 24, 2006.

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by **April 10, 2006**, after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.